IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| DUDLEY F. DESHAZO | : |
|     DEBTOR | : |
| | : CASE NO. 06-10675 |
| DUDLEY F. DESHAZO | : |
|     PLAINTIFF | : |
| V. | : |
| TIMOTHY HEFFERNAN | : |
|     DEFENDANT | : ADVERSARY PROCEEDING NO. 06-0218 |

# OPINION

By:  STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court are a number of motions related to Plaintiff's Complaint for Declaratory Relief.  That Complaint seeks a determination that the real estate listed in his Bankruptcy Schedule A is his property.[1]  Defendant disputes that claim and has filed a Motion for Summary Judgment.  After Plaintiff filed a reply to that motion, Defendant amended it to add a request for dismissal for failure to join necessary parties.  Plaintiff filed a motion to consolidate this adversary proceeding with the case which he brought against the person whose name is on the deed to the property he claims to be his.  All of the motions are opposed.  A hearing on the three requests was held on October 24, 2006, after which the Court took the matters under advisement.  Because the Motion for Summary Judgment is potentially dispositive of the entire matter, the Court will address

---

[1] It is, essentially, an action to quiet title. *See* Pa.R.C.P. 1061(b)(3) (describing an action to quiet title as, *inter alia*, an action to compel an adverse party to admit the invalidity of a deed)

that motion first. For the reasons set forth below, the Defendant's Motion for Summary Judgment will be granted.[2]

*Standard for Summary Judgment*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").[3] Pursuant to Rule 56, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For purposes of Rule 56, a fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

The court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one sided that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby,*

---

[2] The Complaint alleges that this is a core proceeding when it references 28 U.S.C. § 157. Complaint, ¶ 3. It explains that it seeks to determine the Plaintiff's and Defendant's interest in the subject real estate. *Id.* While that sounds closest to subsection (b)(2)(K) (determining the validity extent and priority of liens), it is more akin to subparagraph (H), proceedings regarding fraudulent conveyances. However characterized, the allegation of core jurisdiction is admitted by the Defendant. *See* Answer ¶ 3. This is, therefore, a core matter over which the Court may exercise jurisdiction.

[3] Fed.R.Civ.P. 56 is applicable to the instant proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.")

*Inc.*, 477 U.S. at 247-252, 106 S.Ct. at 2509-12. In making this determination, the court must consider all of the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party, and against the movant. *See United States v. Premises Known as 717 South Woodward Street*, 2 F.3d 529, 533 (3rd Cir.1993); *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991); *Gould, Inc. v. A & M Battery and Tire Service*, 950 F.Supp. 653, 656 (M.D.Pa.1997).

*The Defendant's Evidence*

The burden of proof falls first on the Defendant who is the moving party here. *See Huang v. BP Amoco*, 271 F.3d 560, 564 (3d Cir.2001) ("The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.") It is his aim to prove that Plaintiff transferred the property. To do that, he relies on admitted pleadings and documentary evidence.[4] That evidence establishes the following: in November 1999 the Plaintiff was the owner of the real property located at 183 Orchard Circle in Lansdale, Pennsylvania. Complaint, Answer ¶ 7. At that time, Plaintiff placed a mortgage on the property to secure a loan. *Id.* Subsequently, he defaulted on the loan and the property was scheduled for a Sheriff's Sale on July 27, 2005. *Id.* ¶¶ 8,10 In the runup to the sale, the parties appear to have been discussing some arrangement whereby the Plaintiff would sell the property to the Defendant, who, in turn, would lease it back to the Plaintiff. *Id.* ¶¶ 13,14 On the day scheduled for the Sheriff's sale, the parties executed two agreements: the Real Estate Purchase Contract

---

[4]The rule does expressly require affidavits. *See* F.R.C.P. 56(a).

and the Residential Lease with Option to Purchase. *See* Complaint, Answer ¶¶ 17, 18; Amended Motion for Summary Judgment, Ex. B, C. The Purchase Contract provided that Plaintiff would convey the property to Defendant *or a nominee* of his choosing and scheduled a closing on the property for September 30, 2005. Amended Motion, Ex. B. The Lease provided that Plaintiff would rent the property for two years with an option to buy it back. *Id.* Ex. C. The Sheriff's sale did not occur because the mortgage arrears were paid. Complaint ¶¶ 11, 12; Amended Motion, Ex. D.[5] On September 30, 2005, a deed was executed whereby the Plaintiff appears to have conveyed the property to Helen T. Roytman.[6] Amended Motion, Ex. E. The Plaintiff continues to reside in the property and receives mail correspondence there addressed to Roytman. *See* Docket for Debtor's Main Case No. 06-10675; Complaint ¶¶ 25,26.

To the Court, this evidence tends to confirm Plaintiff's position. The Purchase Contract, Lease and Deed all appear to have been validly executed. Each is signed by both parties and the Deed was executed in the presence of a notary. All of the documents are consistent with each other.[7] The Purchase Contract provides that

---

[5] The Defendant alleges that *he* cured the arrears but the Plaintiff is inexplicably reticent as to whether that it is the case. Complaint, Answer ¶¶ 11, 12. Regardless, the deposit reflected on the Purchase Contract is the same amount that was needed to reinstate the mortgage. It appears safe to conclude, then, that Defendant cured the mortgage default.

[6] The Amended Motion states that Plaintiff assigned his right to purchase the property to Helen Roytman. Helen Roytman is one of the Defendants named in the adversary proceeding no. 06-00450 which the Plaintiff seeks to consolidate with this one. The record, however, contains no express assignment.

[7] In the Complaint, Plaintiff maintains that the Purchase Contract is incomplete but does not specify how that document is deficient. *See* Complaint, ¶ 17. The Court's own review of the Contract does not reveal any deficiency.

Plaintiff would convey the property to Defendant *or his nominee*, which appears to have happened here.  *See* Deed.  The Lease provides that Plaintiff would occupy the property and he is living there now.  *See* Voluntary Petition.  The Contract provides for a closing on September 30, 2005, which is the date of the Deed.  The Contract also lists a down payment equal to the amount paid to stop the Sheriff's Sale.  *Compare* Ex. B and D.  But the most probative piece of evidence is the Deed which is a notarized document.  The significance of the of the notary seal cannot be overestimated: "A notary's certificate of acknowledgment is prima facie evidence of the due execution of the instrument."  *Sheaffer v. Baeringer*, 346 Pa. 32, 36, 29 A.2d 697, 699 (1943).  These documents—as well as what is alleged and admitted in the pleadings—demonstrate that Plaintiff divested himself of the property.  The Court, therefore, finds that the Defendant has supported his motion for summary judgment.  The burden thus shifts to Plaintiff to demonstrate that his claim of ownership remains a triable issue of fact.

*The Plaintiff's Response*

Where Plaintiff identifies a material factual dispute is in the validity of the Deed.  Plaintiff maintains that the Deed is invalid because he never signed it.  Reply, 1.  But there was disagreement at the hearing as to what evidence Plaintiff was required to offer to make the issue triable.  Plaintiff maintains that his pleadings are enough and that the issue boils down to one of credibility.  Transcript (T-) 11,16  To quote counsel, "it's a question of who [*sic*] you believe."  T-14.  Has Plaintiff articulated the correct standard for assessing this summary judgment request?

He has not.  In pertinent part, Rule 56 provides:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the *mere allegations* or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

F.R.C.P. 56(e) (emphasis added). The Supreme Court has interpreted this rule to mean exactly what it says: "To successfully oppose entry of summary judgment, the nonmoving party may not simply rest on its pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute." *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-50, 106 S.Ct. at 2509-11. Such evidence must be sufficient to support a jury's factual determination in favor of the nonmoving party. *Id.* Evidence that merely raises some metaphysical doubt regarding the validity of a material fact is insufficient to satisfy the nonmoving party's burden. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). If the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, the moving party is entitled to entry of summary judgment in its favor as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Has Plaintiff satisfied his burden of offering evidence to support his claim that he did not sign the deed?

He has not. An acknowledgment of a deed can only be impeached by clear and convincing evidence of fraud. *Popovitch v. Kasperlik*, 70 F.Supp. 376, 383-84 (W.D.Pa. 1947). Arguably, Plaintiff makes an implicit claim of fraud when he alleges that he "has

never attended a settlement or conveyed title to [the property];" that "at no other time did [he] sign a deed or any other documents in favor of the Defendant" and that "ownership of the property was never given by [him] to Defendant." Complaint, ¶¶ 20-22. However, those allegations are not supported by evidence (i.e., "specific facts") of fraud. All that is offered is supposition that he might have been elsewhere when the closing took place. (T-14,15) Suppositions, however, are not proofs. *See Druker v. Thomas Jefferson University Hospital*, 2005 WL 579741 *4 (E.D.Pa.) (requiring plaintiff to offer evidence in support of subjective suppositions). They are the "metaphysical doubt[s]" that the High Court deemed deficient in *Matsushita, supra*. At a minimum, some explanation of where he was on the day of the purported conveyance is required here. Without any evidence, the Court cannot make *any* inferences—much less reasonable ones—in Plaintiff's favor. *See Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356 (explaining that inferences must be drawn from underlying facts)   Put another way, his failure to produce evidence of a triable fact means that he cannot enjoy any of the presumptions afforded a party against whom summary judgment is sought. *See Tunnell v. Wiley*, 514 F.2d 971, 976 (3d Cir. 1975) ("Given the opportunity to respond to a movant's affidavits, an adverse party may not rest upon a mere cryptic and conclusory allegation in his pleading, but must set forth specific facts showing that there is a genuinely disputed factual issue for trial. Where this opportunity to supplement the record is ignored, summary judgment for the movant who has carried his burden of proof is appropriate.") Based on the evidence offered by Plaintiff at the hearing, the

Court finds that Defendant is entitled to summary judgment in this adversary proceeding.[8]

*The Affidavit*

The day after the hearing, the Plaintiff hand-delivered to the Court's chambers a document styled "Affidavit." This comes after the Court advised Plaintiff that his mere denials were insufficient to survive summary judgment and without leave to reopen and supplement the record. Is this permitted by the applicable rules?

It is not. Rule 56 provides that "[t]he adverse party *prior to the day of hearing* may serve opposing affidavits." F.R.C.P. 56(c) (emphasis added). Likewise, Bankruptcy Rule 9006 provides, in pertinent part, that "opposing affidavits may be

---

[8] At the hearing the Plaintiff challenged for the first time the admissibility of the Deed. T-4. He maintains that the Defendant's copy of the Deed is not authenticated. T-12. Without a certified copy of the deed, his argument concludes, the document is not admissible. *Id.*

The Court's review of that issue reveals that the Federal Rules of Evidence apply to bankruptcy cases. *See* B.R. 9017; F.R.E. 1101(b). A condition precedent to admissibility of a document is authenticity. *See* F.R.E. 901, Advisory Committee Notes ("This requirement of showing authenticity … falls into the category of relevancy dependent upon fulfillment of a condition of fact and is governed by …Rule 104(b)) A document is authentic when the proponent offers evidence sufficient to support a finding that the document is what the proponent says it is. *Id.* While Rule 901 provides illustrative examples of methods of authentication, Rule 902 recognizes that some evidence is intrinsically authentic. Among such examples of self-proof are certified copies of public records and acknowledged documents. *See* F.R.E. 902(4) and (8). Although the Deed as offered contains a notary's acknowledgment, it is only a copy, and not an original. This matters given rule 1003's disallowance of a duplicate in lieu of an original document where authenticity is at issue. *See* F.R.E. 1003(1). Thus, the copy of the deed would not be self-authenticating under rule 902(8). Even so, the Court observed that the notary seal and recording information on the copy are indications of veracity. T-12. For that reason, the Court advised Plaintiff that if he wishes to press the issue of authenticity, he may file a motion for reconsideration on that point. T-13. The Court is skeptical, however, that this is an argument borne of desperation. Accordingly, if Plaintiff presses this point (which he can easily confirm) and if it turns out that Defendant produces a certified copy identical to the copy already in the record, then the Court will consider Rule 9011 and Plaintiff may be required to pay the costs of putting Defendant through that needless exercise. T-13,14.

*served not later than one day before* the hearing, unless the court permits them to be served at some other time." B.R. 9006(d) (emphasis added). Under either rule, then, Plaintiff's affidavit is untimely. In such case, Bankruptcy Rule 9006 which provides that "the court for cause shown may at any time in its discretion …(2) *on motion made* after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." B.R. 9006(b)(1) (emphasis added). Because plaintiff's affidavit was not accompanied by a motion, it is out of order. Under these circumstances, the Court lacks discretion to admit the affidavit. *See Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 896-97, 110 S.Ct. 3177, 3192-93, 111 L.Ed.2d 695 (1990) (stating that request for enlargement after expiration of deadline requires motion demonstrating excusable neglect)

But even assuming that the Court were to admit the affidavit, the result would be the same. The affidavit is wholly self-serving; it does no more than paraphrase what it is in the Complaint. More to the point, it never controverts the evidence which the Defendant has offered. On summary judgment, this is fatal as the Supreme Court has explained:

> In ruling upon a Rule 56 motion, a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the *facts specifically averred by that party contradict facts specifically averred by the movant*, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." *The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.*

> *…*
> It will not do to "presume" the missing facts because without them the affidavits would not establish the injury that they generally allege. That converts the operation of Rule 56 to a circular promenade: plaintiff's complaint makes general allegation of injury; defendant contests through Rule 56 existence of specific facts to support injury; plaintiff responds with affidavit containing general allegation of injury, which must be deemed to constitute averment of requisite specific facts since otherwise allegation of injury would be unsupported (which is precisely what defendant claims it is).

*Lujan, supra*, 497 U.S. at 888-89, 110 S.Ct. at 3188-89 (emphasis added). Yet this is exactly what the Affidavit would have the Court do. It dresses up the allegations in the Complaint as statements under oath. And it does so without adding a shred of specificity or detail. Some degree of elaboration on the forgery claim is required especially given the presence of the notary seal on the deed and the Plaintiff's unadorned claim that he was elsewhere, the seal notwithstanding. The notary is a neutral party to this dispute with no stake in the outcome. *See Lewars v. Weaver*, 121 Pa. 268, 291, 15 A. 514, 518 (1888) (observing that a notary is an entirely disinterested person as to transaction he witnesses) So this is not a matter requiring Plaintiff to offer more proof than the movant or to prove a negative; rather, he must offer some evidence that would support a verdict in his favor. The problem for Plaintiff is that his Affidavit, even if it were admitted, is wholly without probative value.[9] It is no more than a facile attempt to manufacture a triable issue of fact so as to survive summary judgment. In that regard it fails.

*Summary*

---

[9] The Court notes in passing that the signature on the Deed appears strikingly the same as that on Plaintiff's Affidavit.

The Court holds that Defendant is entitled to summary judgment.  Entry of judgment in Defendant's favor, in turn, moots both the Defendant's Motion to Join as well as the Plaintiff's Motion to Consolidate, neither of which need further be considered.

An appropriate order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:    <u>November 16, 2006</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| DUDLEY F. DESHAZO | : |
|     DEBTOR | : |
| | : CASE NO. 06-10675 |
| DUDLEY F. DESHAZO | : |
|     PLAINTIFF | : |
| V. | : |
| TIMOTHY HEFFERNAN | : |
|     DEFENDANT | : ADVERSARY PROCEEDING NO. 06-0218 |

# Order

**AND NOW**, upon consideration of the Defendant's Amended Motion for Summary Judgment and Motion to Dismiss for Failure to Join Necessary Parties, the Plaintiff's Motion to Consolidate, the parties' respective opposition to the motions, after a hearing held on October 24, 2006, and for the reasons set forth in the foregoing Opinion, it is hereby:

**ORDERED,** that the Defendant's Amended Motion for Summary Judgment is granted and that the Plaintiff's claims in this adversary proceeding are dismissed; and it is

**FURTHER ORDERED**, that the Defendant's Motion to Join and the Plaintiff's Motion to Consolidate are denied as moot.

By the Court:

Dated: November 16, 2006

Stephen Raslavich
United States Bankruptcy Judge

**MAILING LIST:**

George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

Michael S. Schwartz, Esquire
7600 West Chester Pike
2d Floor-West
Upper Darby, PA 19082

William D. Schroeder, Jr., Esquire
Edward J Carreiro, Jr., Esquire
262A Bethlehem Pike, Suite 102
Colmar, PA 18915

Laura E. Vendzules, Esquire
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103-7595

Nancy Mulvehill, Courtroom Deputy